IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUKHDEEP BHOGAL, | : | |
| | : | |
| *Plaintiff,* | : | Civ. Case No. 3:22-cv-00355 (OAW) |
| | : | |
| v. | : | |
| | : | |
| TINGO INTERNATIONAL HOLDINGS, INC. | : | |
| TINGO, INC., AND DOZY MMOBUOSI, | : | |
| Individually, | : | |
| | : | |
| | : | |
| *Defendants.* | : | December 19, 2023 |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Pursuant to Rule 7(e) of the Local Rules of the United States District Court for the District of Connecticut, attorneys John M. Doroghazi and Joshua N. Taylor of the law firm Wiggin and Dana, LLP (collectively, "Counsel"), hereby move for leave to withdraw as counsel for Defendants Tingo International Holdings, Inc., Tingo, Inc., and Dozy Mmobuosi ("Defendants") and request the Court permit Defendants 30 days to arrange for substitute counsel before defaulting any of the Defendants. As set forth below and in the accompanying Declaration of Attorney John M. Doroghazi, there is good cause for allowing the withdrawal of counsel.

1.      District Courts have considerable discretion in deciding a motion for withdrawal of counsel. *Whiting v. Lacara,* 187 F. 3d 317, 320 (2d Cir. 1999); *Lego A/S v. Best-Lock Constr. Toys, Inc., 3:11 CV 01586 (CSH),* 2019 WL 6770096 at *1 (D. Conn. Dec. 12, 2019) (quoting *Yachula v. General Elec. Capital Corp.,* 199 F.R.D. 453, 457 (D. Conn 2000)). Courts in this district have permitted counsel to withdraw an appearance, even when no other counsel has appeared, "where good cause exists for permitting the withdrawal by appearing counsel." *Westchester Fire Ins. Co. v. Enviroguard, LLC*, No. 3:13-CV-1620, 2014 WL 2881507, at 2 (D.

1

Conn. Jun. 25, 2014). Courts have found that good cause exists when clients fail to pay counsel for "substantial pretrial work" rendered and where counsel has warned the client that they will seek withdrawal. *Sawant v. Ramsey*, No. 3:07-cv-980 (VLB), 2009 WL 10688162, at *1 (D. Conn. Jun. 19, 2009); see *also Yachula*, 199 F.R.D. at 458 n. 5; *Byrka, LLC v. Holt Integrated Circuits, Inc.,* No. 3:20-cv-00484, Doc. No. 93 at *4 (D. Conn. May 5, 2021) (granting motion to withdraw where client, among other things, failed to honor fee agreement).

2. Courts in this district have also concluded that a client's refusal to communicate with counsel is sufficient grounds to permit counsel's withdrawal. *See also Byrka*, 3:20-cv-00484 at *4 (the client's inability to communicate effectively provided an added basis for granting counsel's motion to withdraw; a permissive withdrawal) (citing *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 550 F. Supp. 2d 298, 302 (D. Conn. 2008) (granting counsel's motion to withdraw in circumstances where counsel "could no longer communicate directly with the client" (citations omitted)); *Westchester Fire Ins.,* 2014 WL 2881507, at *2 (granting motion to withdraw where there is "an irreparable breakdown" in the attorney-client relationship; *Statute of Liberty v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (withdrawal granted where reason for withdrawal included the fact that client has ceased to cooperate or correspond with counsel).

3. Courts will also consider "whether any prejudice may be caused to the other parties by withdrawal," "whether there is an interference with the administration of justice," and "how close the matter is to the time of trial." *Sawant*, 2009 WL 10688162, at *1 (D. Conn. Jun. 19, 2009)

4. In the instant matter, good cause exists to grant this motion. To date, Defendants have never paid Counsel a single dollar for their representation of them despite owing Counsel over $70,000 for the legal work provided. Declaration of J. Doroghazi ¶ 9 (attached as Exhibit 1). The continued representation will therefore result in a financial hardship and an undue financial

burden on Counsel. *Id.* Counsel has sent numerous written notices explaining that the lack of payment for legal services would result in this motion, but Defendants have failed to remit any payment. *Id.* at ¶ 10.

5. Next, Defendants have ceased communicating with Counsel. While Defendants have always been difficult to get ahold of, they have not communicated with Counsel in over two months, despite being sent emails about the various developments in the case and about the billing. *Id.* at ¶¶ 10-11. The lack of communication from Defendants have left Counsel concerned that Defendants will not provide Counsel the information necessary to go forward with any future defense in the case. *Id.* at ¶ 11.

6. Third, Counsel also just learned that the Securities and Exchange Commission brought an action against Defendants on December 18, 2023, alleging that Defendants have engaged in a massive financial fraud. S*ee* Complaint, *Securities and Exchange Commission v. Mmobuosi Odogwu Banye (a/k/a Dozy Mmobuosi), Tingo Group, Inc., Agri-Fintech Holdings, Inc. (f/k/a Tingo Inc.) and Tingo International Holdings, Inc.*, No. 1:23-cv-10928 (S.D.N.Y.) (filed Dec. 18, 2023)[1]. Counsel does not know if the SEC's allegations are accurate or not. But, if even a portion of these allegations are true, that would strongly suggest that Defendants will not be able to pay Counsel and that Counsel may not be able to effectively represent Defendants because Counsel would have significant concerns about relying on the accuracy of the information provided by Defendants.

Conversely, a withdrawal will not prejudice the opposing parties or interfere with the administration of justice. The only pending matters are a fully briefed motion to lift the default

---

[1] The court entered a temporary restraining order on December 18, 2023, pending a hearing on the preliminary injunction. *See Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief*, Doc. No. 14, No. 1:23-cv-10928 (S.D.N.Y. Dec. 18, 2023).

against the corporate defendants (Doc. No. 26) a fully briefed motion to dismiss the claims against Mr. Mmobuosi, (Doc. No. 36) and a fully briefed Application for Prejudgment Remedy (Doc. No. 45), which the Court can largely address on the papers. At least one of the corporate defendants has never been served with process. *See* Doc. No. 26 at 5-7. There is no scheduling order set in the case, there is no trial date, and no discovery has been served. Under the circumstances, Plaintiff will not be prejudiced if counsel is allowed to withdraw, and Defendants are provided additional time to find substitute counsel.[2]

Counsel therefore respectfully request that this Court grant the Motion for Leave to Withdraw John M. Doroghazi and Joshua N. Taylor of the law firm Wiggin and Dana, LLP, as counsel of record in the above-captioned matter.

Dated: December 19, 2023

Respectfully submitted,

*/s/ John M. Doroghazi*
John M. Doroghazi (ct28033)
Joshua N. Taylor (ct29876)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
jdoroghazi@wiggin.com
jtaylor@wiggin.com

*Counsel for Defendants*

---

[2] If the SEC's allegations are true, it appears that any judgment in this matter is likely to be a hollow one.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUKHDEEP BHOGAL, | : | |
| | : | |
| *Plaintiff,* | : | Civ. Case No. 3:22-cv-00355 (OAW) |
| | : | |
| v. | : | |
| | : | |
| TINGO INTERNATIONAL HOLDINGS, INC. | : | |
| TINGO, INC., AND DOZY MMOBUOSI, | : | |
| Individually, | : | |
| | : | |
| | : | |
| *Defendants*. | : | December 19, 2023 |

### DECLARATION OF JOHN M. DOROGHAZI IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

I, John M. Doroghazi, declare as follows:

1. I submit this Declaration in support of the Motion for Leave to Withdraw as Counsel, filed on December 19, 2023. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so under oath.

2. Attorney Joshua N. Taylor and I are from the law firm Wiggin and Dana, LLP (collectively "Counsel"). We currently represent Defendants Tingo International Holdings, Inc., Tingo, Inc., and Dozy Mmobuosi (collectively "Defendants") in this case as counsel of record. I am the partner responsible for Wiggin and Dana, LLP's ("Wiggin") representation of Defendants in this matter.

3. I filed an appearance on behalf of the Defendants on September 29, 2022 (Doc. No. 19). Subsequently, on April 18, 2023, Attorney Joshua N. Taylor filed an appearance on behalf of Defendants. (Doc. No. 37).

5

4. At the time Wiggin agreed to appear on behalf of, and provide legal services to, Defendants, a default had already been entered against Defendants Tingo Inc. and Tingo International Holdings, Inc. on August 3, 2022, for failure to appear. (Doc. No. 11, 14).

5. During the representation of Defendants, Counsel has rendered substantial legal services including, but not limited to, reviewing the complaint, standing protective order, motion for default and default judgment, and other filings on the docket; reviewing documents provided to Counsel by Defendants and Plaintiff's counsel; drafting and filing a motion to lift default and a reply in support of the same, which remains pending (Doc. No. 26, 29); drafting and filing a motion to dismiss the claims against Mr. Mmobuosi, and a reply to Plaintiff's opposition brief, which remains pending (Doc. No. 36, 40); meeting and conferring regarding the parties' Rule 26(f) report (Doc. No. 46); and drafting a memorandum in opposition to Plaintiff's Motion for Prejudgment Remedy, which remains pending (Doc. No. 49).

6. Throughout the representation, Wiggin has issued monthly invoices for the services Counsel rendered to the Defendants. In total, Wiggin has issued 12 invoices to Defendants.

7. Wiggin has not received *any* payments for the legal services rendered on behalf of Defendants in this matter since appearing more than a year ago. Defendants have never challenged the amount of the bills, or the work done. During this time, Counsel raised the matter of payment with Defendants directly. Defendants have been non-responsive in response to attempts to receive any payment.

8. Wiggin became involved in this matter through a referral from Jenner & Block, LLP ("Jenner"). Jenner has a preexisting relationship with Defendants. At Wiggin's request,

Jenner has attempted to contact the Defendants on numerous occasions to secure payment for the services rendered by Wiggin in this matter. These efforts have been unsuccessful too.

9. Wiggin is owed an outstanding balance for services rendered in connection with the representation. It has increased substantially over time and now exceeds $73,000.

10. On multiple occasions in the last 60 days, Wiggin informed the Defendants that Wiggin would withdraw its representation of the Defendants in the above-captioned matter if payment was not rendered. Despite this communication, no payment was made.

11. In addition, Defendants have not responded to any communications with Counsel since September 28, 2023. This lack of communication will impair any ability for Counsel to help advance this case forward in the future if withdrawal is not allowed.

12. Finally, the undersigned became aware on December 18, 2023, that the Securities and Exchange Commission has filed a lawsuit against Defendants alleging massive securities fraud. The events set forth in the SEC's complaint suggest that Defendants are unlikely to pay in the future or to meaningfully assist counsel in prosecuting the lawsuit. In addition, if the allegations from the SEC are true, it calls into question whether the undersigned will be able to rely on any of the information provided by Defendants.

13. Pursuant to Local Rule 7(e), the Motion for Leave to Withdraw as Counsel was filed with the Clerk of the Court for the United States District Court for the District of Connecticut using the Court's M/ECF system, which will send notifications of such filing to all counsel of record. Additionally, Counsel will immediately provide a copy of this Motion to Defendants upon its filing.

14. If the Motion is granted, Counsel will fully cooperate in transitioning this matter to any successor counsel.

Pursuant to 28 U.S.C. § 1746, the undersign affirms under the penalty of perjury that the foregoing statements are accurate and true to the best of his belief.

>*/s/ John M. Doroghazi*
>John M. Doroghazi (ct28033)

23068\3\4863-3209-8455.v3